UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **STEVE DIVINE,** | **CIVIL ACTION NO. 5:15-267-KKC** |
| **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINION AND ORDER** |
| **GENUINE PARTS COMPANY,** | |
| **Defendant.** | |

This matter is before the Court on Defendant Genuine Parts Company's Motion to Dismiss. (DE 43). For the reasons set forth below the Court will reserve any decision on Defendant's motion until Plaintiff has had an opportunity to file a supplemental response.

On September 9, 2015, Defendant removed this negligence action from the Boyle County Circuit Court (the "State Court"). (DE 1.) Plaintiff's State Court Complaint alleges that Defendant negligently caused an estimated $112,120.60 in damages to his driveway. (DE 1-1 at 6.) According to Plaintiff, approximately seven years ago Defendant began delivering office supplies to Plaintiff's home. (DE 1-1 at 5.) Plaintiff represents that Defendant's employee negligently damaged his driveway by making such deliveries using a commercial vehicle that exceeded the maximum permissible weight for a residential concrete driveway. (DE 1-1 at 6.) The "severe damage to the driveway" was only discovered "in the past year, more or less." (DE 1-1 at 5–6.)

Defendant filed the instant motion on September 9, 2015, seeking dismissal based on Kentucky's five-year statute of limitations. (DE 3 at 4.) Plaintiff's response, filed October 27, 2015, does not dispute the applicable statute of limitations. (DE 6.) Instead, Plaintiff claims that his driveway's damages were not discovered, or discoverable, until less than five years ago. (DE 6 at 1.) In reply, Defendant alleges first, that Plaintiff's response should be

stricken as untimely and second, renews its argument that the discovery rule cannot be applied to toll the statute of limitations in this action under state law. (DE 7 at 2–4.) Consequently, this Court perceives only two questions presented at this time: (1) does Plaintiff's tardiness in responding to Defendant's motion provide grounds for dismissal, and (2) would dismissal nonetheless be warranted because the discovery rule is inapplicable to this action?

    This Court's Local Rule 7.1 provides that:

> A party opposing a motion must file a response memorandum within twenty-one (21) days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion.

LR 7.1(c). Disregarding this rule, Plaintiff did not respond until more than twice the permitted twenty-one days had elapsed. Plaintiff made no attempt to justify his late filing, nor has he petitioned this Court to excuse this deficiency. Consequently, it is within this Court's discretion to grant Defendant's motion solely on this basis. However, given that Plaintiff's belated filing was addressed only by Defendant's reply, this Court will provide Plaintiff an opportunity to explain his actions. If Plaintiff cannot provide good cause to deny Defendant's motion, this Court will exercise its discretion to dispense with this action.

    Accordingly, **IT IS ORDERED** that Plaintiff **SHALL RESPOND** via supplemental response on or before Tuesday, December 15, 2015. In his response Plaintiff shall provide an explanation, if one exists, for why he was unable to file his response in a timely fashion.

    Dated December 10, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY