UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| STEVE DIVINE,<br><br>  Plaintiff,<br><br>V.<br><br>GENUINE PARTS COMPANY,<br><br>  Defendant. | CIVIL ACTION NO. 5:15-267-KKC<br><br><br>**MEMORANDUM OPINION AND ORDER** |

  This matter is before the Court on Defendant Genuine Parts Company's Motion to Dismiss. (DE 43). For the reasons set forth below the Court will grant Defendant's motion to dismiss.

## I. BACKGROUND

  On September 9, 2015, Defendant removed this negligence action from the Boyle Circuit Court (the "State Court"). (DE 1.) Plaintiff's State Court Complaint alleges that Defendant negligently caused an estimated $112,120.60 in damages to his driveway. (DE 1-1 at 6.) According to Plaintiff, approximately seven years ago Defendant began delivering office supplies to his home. (DE 1-1 at 5.) Plaintiff represents that Defendant's employee negligently damaged his driveway by making such deliveries using a commercial vehicle that exceeded the maximum permissible weight for a residential concrete driveway. (DE 1-1 at 6.) The "severe damage to the driveway" was only discovered "in the past year, more or less." (DE 1-1 at 5–6.)

  Defendant filed the instant motion on September 9, 2015, seeking dismissal based on Kentucky's five year statute of limitations. (DE 3 at 4.) In its October 27, 2015 response, Plaintiff does not dispute the applicable statute of limitations, but instead claims that his driveway's damages were not discovered, or discoverable, until less than five years ago. (DE

6 at 1.) In reply, Defendant alleges that the discovery rule cannot be applied to toll the statute of limitations in this action under state law. (DE 7 at 2–4.) Because this Court will not unilaterally extend the discovery rule to negligent property damage actions in the absence of controlling Kentucky law, Defendant's motion will be granted.

## II. ANALYSIS

### A. FEDERAL RULE 12(B)(6) DISMISSAL

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true, but the factual allegations must "raise a right to relief above the speculative level." *Id.* at 555. The complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (internal quotation marks omitted). Failure to include plausible factual allegations for all material elements necessary for recovery warrants dismissal. *Id.*

Plaintiff does not dispute the applicability of KRS § 413.120 to this action. The statute, in relevant part, provides that:

> The following actions shall be commenced within five (5) years after the cause of action accrued:
> . . . .
> (4) An action for trespass on real or personal property.

KRS § 413.120. Likewise, Plaintiff does not challenge Defendant's reference to the Complaint's allegation that the deliveries began "approximately 7 years ago," as the date the injury accrued. (DE 1-1 at 5.) Rather, Plaintiff asserts that the injury "was not

discovered until less than 5 years ago as the damage was hidden and only came to the surface in the recent few years." (DE 6 at 1.) A statute of limitations defense, while not normally part of a motion to dismiss for failure to state a claim, "is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). On its face, the Plaintiff's claim falls outside the relevant statute of limitations.

On the other hand, in certain cases, Kentucky courts apply the so-called "discovery rule" to toll statutes of limitation. When applicable, this rule suspends the accrual date "until the plaintiff discovers (or in the exercise of reasonable diligence should have discovered) not only that he has been injured, but also that this injury may have been caused by the defendant's conduct." *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010) (internal quotation marks omitted). Plaintiff's complaint alleges discovery "in the past year, more or less" and his response attempts to further justify the discovery rule's application here. (DE 1-1 at 5–6.) However, Plaintiff cites to no authority that applies the discovery rule in a negligent property damage action.

Kentucky does not generally apply the discovery rule for property damage torts. *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604, 616 (Ky. Ct. App. 2003) ("Georgia (like Kentucky), generally does not provide [a discovery] rule for torts involving property damage"). Historically, "Kentucky's courts have cautioned against judicial efforts to expand the discovery rule without legislative authorization." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 322 (6th Cir. 2010) (citations omitted). Thus, in *Rockwell* the Kentucky Court of Appeals applied the "federally mandated" discovery rule for environmental torts, which was created as an *exception* to state statutes of limitation. *See* 42 U.S.C. § 9658 ("the

3

term 'federally required commencement date' means the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages referred to in subsection (a)(1) were caused or contributed to by the hazardous substance or pollutant or contaminant concerned."). No such mandate exists here. Consequently, consistent with its role as a federal court sitting in diversity, this Court will adhere to the dim view Kentucky has adopted for extra-legislative expansion of the discovery rule.

### III. CONCLUSION

The face of the Plaintiff's complaint establishes the applicability of the statute of limitations to bar the claims asserted therein. Because the discovery rule cannot be relied on to toll that period, the Complaint fails to state a facially plausible claim for relief and it must be dismissed.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's Motion to Dismiss (DE 3) is **GRANTED**;

2. This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from this Court's active docket.

Dated April 15, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY